Felton J. LOUIS, Sr.

v.

**EAST BATON ROUGE PARISH SCHOOL BOARD**

No. 01–493–B–M3.

United States District Court, M.D. Louisiana.

Dec. 19, 2003.

Dawn N. Guillot, Baton Rouge, LA, for Plaintiff.

Karen D. Murphy, Tina Dennis Darensbourg, Hammonds & Sills, Baton Rouge, LA, for Defendant.

### *RULING*

POLOZOLA, Chief Judge.

This matter is before the Court on the supplemental motion for summary judgment filed by the defendant, East Baton Rouge Parish School Board (hereinafter referred to as "School Board").[1] For reasons which follow, the motion is denied because the Court finds there are material issues of fact which preclude the Court from granting summary judgment at this time.

Felton J. Louis, Sr. has been employed by the School Board for over thirty years

1. Rec. Doc. No. 29.

and is currently employed as an Assistant Principal at Glen Oaks Middle School. During the time period applicable to the allegations set forth in the complaint, he was the Dean of Students at Capital High School. In September of 1999, plaintiff applied for the position of Assistant Principal at Southeast Middle School in accordance with the School Board's initial advertisement of an opening for that position. Thereafter, the School Improvement Team and Dr. Elizabeth Walsh, the principal of Southeast Middle School, interviewed several candidates, including the plaintiff. None of the candidates in the first group of applicants received a recommendation from the interview committee or the principal for the vacant position. In October of 1999, the School Board decided to re-advertise the position. After additional interviews were conducted, Mary Lee Myles was selected by the Committee to fill the position. After exhausting his administrative remedies, the plaintiff filed this suit alleging that he was not selected to fill the position because of his sex (male) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

On October 31, 2002, the School Board filed a motion for summary judgment asking the Court to dismiss plaintiff's Title VII claim.[2] After oral argument,[3] the Court denied the School Board's motion for summary judgment without prejudice in a Ruling issued on June 17, 2003.[4] In its Ruling, the Court found that there were genuine issues of material fact with respect to whether the following legitimate, nondiscriminatory reasons offered by the School Board were in fact pretexts for discrimination: (1) the plaintiff had not completed the internship program which was a prerequisite for placement in an administrative position; (2) the plaintiff's failure to list his principal as a reference sent "up a red flag;" and (3) when Dr. Walsh contacted James Machen, the plaintiff's former principal at Capital High School, he was "hesitant" when asked if he would hire the plaintiff as his Assistant Principal.[5] The Court also reserved either party's right to reurge summary judgment on the issue of mixed-motives in light of the United States Supreme Court's recent decision in *Desert Palace, Inc. v. Costa.*[6] Specifically, the Court asked the parties to brief the issues of whether this case is a mixed-motives case; if so, what standard does the Court apply to determine whether the plaintiff would not have been selected even if some of the reasons were not proven; and, should the Court decide to apply the mixed-motives standard set forth by the United States Supreme Court, is there sufficient evidence in the record to grant defendant's motion for summary judgment. Thereafter, the School Board filed this supplemental motion for summary judgment in which it argued this case was not a mixed-motives case, and even if it were, plaintiff had not submitted sufficient evidence to create an issue of fact to carry its required burden to sustain a mixed-motives claim. This opinion will only address the parties' arguments on mixed-motives since the Court has already decided the issues raised in the School Board's first motion for summary judgment.

Because plaintiff attempts to prove his gender discrimination claim with indirect evidence, the Court must initially apply the burden-shifting framework set forth in

---

**2.** Rec. Doc. No. 8.

**3.** *See* Rec. Doc. No. 27.

**4.** Rec. Doc. No. 28.

**5.** Id. at 4–5.

**6.** 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003).

*McDonnell Douglas Corp. v. Green.*[7] This case requires the following procedures to be followed. First, the plaintiff must establish a prima facie case of discrimination.[8] After the plaintiff has established a prima facie case of discrimination, the burden shifts to the defendant to "produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason."[9] This burden is one of production, not persuasion; "it can involve no credibility assessment."[10] If the defendant can meet this burden of production, the plaintiff is afforded the "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination."[11]

In the *McDonnell Douglas* framework, the burden of producing evidence of a legitimate, nondiscriminatory reason is the only burden of proof that shifts to the defendant whenever the plaintiff establishes a prima facie case of discrimination. However, in a mixed-motives case, the burden of proof on the defendant is greater. A mixed-motives case arises when an employment decision is based on a mixture of legitimate and illegitimate motives.[12] Title VII, as amended by the Civil Rights Act of 1991, provides that an employee may establish an unlawful employment practice by demonstrating that a protected characteristic was a motivating factor for the practice.[13] If the employee proves the unlawful reason was a motivating factor, the employer must demonstrate that it would have taken the same action in the absence of the impermissible motivating factor. This defense does not totally absolve the employer of liability; however, establishing the defense does restrict the remedies available to the plaintiff to include only declaratory relief, certain types of injunctive relief, and attorneys fees and costs.[14] This mixed-motives analysis differs from the *McDonnell Douglas* framework in that it actually shifts the burden of proof to the defendant to prove it would have made the same decision in the absence of the unlawful reason, and not just the burden of producing evidence of a legitimate, nondiscriminatory reason for the employment decision.[15]

Prior decisions by several federal courts of appeals required direct evidence of an employer's discriminatory motive before a plaintiff could utilize the mixed-motives analysis.[16] Because of this prior jurisprudence requiring direct evidence to invoke a mixed-motives analysis, this

7. 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

8. Both parties have stipulated that plaintiff has made a prima facie case of discrimination.

9. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094 67 L.Ed.2d 207 (1981).

10. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 509, 113 S.Ct. 2742, 2748, 125 L.Ed.2d 407 (1993).

11. *Id.* at 515, 113 S.Ct. at 2751–52.

12. *Rowland v. American General Finance, Inc.,* 340 F.3d 187, 192 (4th Cir.2003). *See also* CHARLES R. RICHEY, MANUAL ON EMPLOYMENT DISCRIMINATION LAW AND CIVIL RIGHTS ACTIONS IN THE FEDERAL COURTS § 1.142 (1986).

13. 42 U.S.C. § 2000e–2(m).

14. 42 U.S.C. § 2000e–5(g)(2)(B). *See also Desert Palace, supra* at 2151.

15. *Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1216–17 (5th Cir.1995).

16. *Mohr v. Dustrol, Inc.,* 306 F.3d 636, 640–41 (8th Cir.2002); *Fernandes v. Costa Bros. Masonry, Inc.,* 199 F.3d 572, 580 (1st Cir. 1999); *Trotter v. Board of Trustees of Univ. of Ala.,* 91 F.3d 1449, 1453–54 (11th Cir.1996); *Mooney, supra* at 1217; *Fuller v. Phipps,* 67 F.3d 1137, 1142 (4th Cir.1995).

Court normally would have not addressed mixed-motives to determine the merits of the School Board's motion. However, the decision of the United States Supreme Court in *Desert Palace* now requires such a discussion in this Court's opinion. In *Desert Palace*, the Supreme Court held if an employee demonstrates with direct or circumstantial evidence that discrimination was a motivating factor in an employment decision, the employer will have to prove that it would have made the same decision in the absence of discrimination to avoid damages.[17] The Court based its decision on the plain language of section 2000e–2(m) that only required a plaintiff to demonstrate that the unlawful consideration was a motivating factor. In the Title VII scheme, "demonstrate" means to meet the burdens of production and persuasion under section 2000e(m). According to the Supreme Court, the burden to prove an unlawful consideration was a motivating factor is only by a preponderance of the evidence, and such a burden may be proven with either direct or circumstantial evidence.[18] Thus, *Desert Palace* changes the prior case law that required direct evidence of discrimination to invoke a mixed-motives analysis.

Because the direct evidence requirement has been removed from mixed-motive cases, it is now harder to draw a distinction between *McDonnell Douglas* and mixed-motive cases. The Supreme Court did not give lower district courts any guidance on how to draw this distinction in *Desert Palace*.[19] Further, time has not permitted the circuit courts of appeals to give their analyses of *Desert Palace* and interpret which cases require a mixed-motives analysis.

 After a review of the facts and law applicable to this case, the Court does not believe that it is necessary to determine whether this case should be governed by the *McDonnell Douglas* framework or the mixed-motives analysis.[20] The Court finds that the motion should be denied under both the *McDonnell Douglas* framework and the mixed-motives analysis. The School Board's supplemental motion for summary judgment must be denied under *McDonnell Douglas* because, in addition to the issues of material fact the Court found in its prior Ruling,[21] there are also genuine issues of material fact as to the qualifications of both plaintiff and the successful candidate, Mary Lee Myles, that must be resolved by a jury at the trial of this case. Further, the School Board's motion must be denied under a mixed-motives analysis because plaintiff has submitted evidence that creates a fact issue as to whether his sex was a motivating factor in the decision not to make him assistant principal of Southeast Middle School. Such evidence includes the testimony that plaintiff was interviewed by females only, the discrepancies between Dr. Walsh's and Mr. Machen's testimonies, and conflicting evidence regarding the qualifications of both plaintiff and Myles. Thus, regardless of whether this motion is to be decided under *McDonnell Douglas* or mixed-motives, there are material issues of fact in dispute which preclude the Court from granting

---

17. *Desert Palace, supra* at 2150.

18. *Id.* at 2153–54.

19. *See Desert Palace, supra* at 2151, n. 1 ("This case does not require us to decide when, if ever, § 107 [of the Civil Rights Act of 1991] applies outside of the mixed-motive context.").

20. *See Mooney, supra* at 1217 ("Nothing in this opinion should be taken to suggest that a case must be correctly labeled as either a 'pretext' case or a 'mixed-motives' case from the beginning in the District Court; indeed, we expect that plaintiff often will allege, in the alternative, that their cases are both.").

21. Rec. Doc. No. 28 at 4–5.

defendant's supplemental motion for summary judgment.

Therefore:

IT IS ORDERED that the School Board's supplemental motion for summary judgment [22] is denied.