United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20870

VESTA LUSK,

Plaintiff - Appellant

versus

GULF COAST COMMUNITY SERVICES ASSOCIATION,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
(No. 4:04-cv-01904)

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Vesta Lusk appeals the district court's order that granted a summary judgment in favor of Defendant-Appellee, Gulf Coast Community Service Association ("Gulf Coast"), dismissing Lusk's age discrimination claim. We affirm.

## I. FACTS AND PROCEEDINGS

Lusk began working for Gulf Coast in 1976 as an outreach worker. Over the years, she worked her way up through the ranks of the agency. In 2001, Lusk became the Managing Director of Gulf

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Coast, reporting directly to the Executive Director, Fran Holcombe. Holcombe resigned in April 2002, and Gulf Coast's Board of Directors ("the Board") voted unanimously to appoint Lusk as the Interim Executive Director. She was 55 years old at the time.

The Personnel Committee ("the Committee"), made up of Board members Jaime de la Isla, Stella Walters, Gertha Williams, Randy Bostic, and Dorothy Olmos, and chaired by Walters, was responsible for filling the Executive Director position. The Committee first posted the position in January 2003. This posting contained the following "minimum requirements":

> (1) Masters degree in Business Administration, Public Administration, Education, and/or Behavioral Sciences; or business, financial, and social services-related professional certification (e.g., CPA, etc.);
>
> (2) Five (5) years experience with social services agencies; and
>
> (3) Five (5) years experience with federal grantor or grantee agencies (Department Health and Human Services, Head Start, etc.);
>
> (4) Demonstrated, verifiable fundraising skills; knowledge of non-profit industry; prior experience managing multi-million dollar budgets; and
>
> (5) Extensive knowledge of MIS.

Both Lusk and Jonita Wallace,[1] the person eventually hired as Executive Director, submitted applications in January 2003.

---

[1]    Jonita Wallace is also called Jonita Solomon. We refer to her as Wallace, because that is the name she used when she applied for the position of Executive Director.

Wallace, a friend of Walters, submitted her application before the position was posted.  Wallace requested a starting salary that was exactly the same as the figure previously discussed during a board meeting.

After this first posting, the Committee recommended five persons to the Board for interviews, including Wallace, but not including Lusk.  Board member Olmos averred in her affidavit that Bostic threw Lusk's application in the trash and stated that Lusk was "too old for the position."

Before anyone was interviewed, the Committee decided to re-post the position.  Board Chairman Michael Harris and Committee Chairman Walters stated in their affidavits that the reason for re-posting the position was because (1) LULAC, a Hispanic advocacy group, was urging that at least one Hispanic candidate be interviewed (none of the five originally recommended for an interview was Hispanic), and (2) the wording of the January 2003 posting had not made clear that a Master's degree was required.  Olmos stated in her affidavit that the Committee made the education requirement more stringent, because they did not want Lusk to apply, and she does not have a Master's degree.   When the position was re-posted in April 2003, however, the posting specified the exact same "minimum requirements" as had the January posting.  Walters averred that she had asked the human resources director to change the wording to emphasize that a Master's degree was required but that he failed to make the changes.  In any event, Lusk's

3

application did not list any professional certifications other than a B.A. in Social Work.

After the April 2003 posting, the Committee reviewed the applications from both the January and April postings, after which four candidates, all with Master's degrees, were interviewed by the Board: (1) Walter Hunt, (2) Kenna Bush, (3) Teresa Ramirez, and (4) Wallace. In August 2003, the Board voted on the position of Executive Director. Walters, Bostic, Dr. R. Joseph Rodriguez, and Williams voted for Wallace; Olivia Garza, de la Isla, Olmos, and Allen Parker voted for Ramirez. Board Chairman Harris did not participate in the initial vote, but then cast the tie-breaking vote for Wallace, who was under 40 years old at the time.

Wallace was hired as Executive Director, and Lusk returned to the position of Managing Director. Lusk's employment was terminated in April of the following year when the agency was reorganized. Lusk filed suit against Gulf Coast, claiming that she was discriminated against because of her age, in violation of the Age Discrimination in Employment Act ("ADEA").[2] She alleged that such discrimination occurred when the Board refused to promote her to Executive Director and instead hired the younger Wallace for that position. The district court granted summary judgment in favor of Gulf Coast, and Lusk timely appealed.

## II. ANALYSIS

---

[2] 29 U.S.C. § 623.

4

## A.    Standard of Review

We review <u>de novo</u> the district court's decision to grant summary judgment.[3]  A motion for summary judgment should be granted only when there is no genuine issue of material fact.[4]  In determining whether there is a genuine issue of material fact, we view all facts and draw all inferences therefrom in favor of the non-moving party.[5]

## B.    Age Discrimination

The ADEA states that "[i]t shall be unlawful for an employer . . . to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[6]  To demonstrate age discrimination, Lusk had to show that (1) she is a member of a protected class (over 40 years of age), (2) she sought and was qualified for the position, (3) she was rejected for the position, and (4) someone outside the protected class obtained the position.[7] She could have satisfied her burden by offering either direct or

---

[3]    <u>American Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.</u>, 352 F.3d 254, 260 (5th Cir. 2003).

[4]    <u>Weeks Marine, Inc. v. Fireman's Fund Ins. Co.</u>, 340 F.3d 233, 235 (5th Cir. 2003).

[5]    <u>Id.</u>

[6]    29 U.S.C. § 623(a)(1).

[7]    <u>Rachid v. Jack In the Box, Inc.</u>, 376 F.3d 305, 309 (5th Cir. 2004).

circumstantial evidence of discrimination.[8]  If she had shown that discrimination was a motivating factor in an adverse employment decision, Gulf Coast would then have had to "'demonstrate that it would have taken the same action in the absence of the impermissible motivating factor.'"[9]

In light of Bostic's numerous remarks about Lusk's age, we assume without deciding that Lusk presented evidence that her age was a motivating factor in the employment decision.  Nevertheless, we agree with the district court's conclusion that Gulf Coast would have made the same decision regardless of any discrimination.  When viewed in its entirety, the summary judgment evidence demonstrates that this was simply a hiring decision made by a divided committee.  Although we agree with Lusk that the decision to hire Wallace was probably partially influenced by Walters to ensure that the candidate she preferred received the job, such a preference is not tantamount to age discrimination.

Unlike Lusk, all finalists selected for interviews had masters degrees.[10]  Although Lusk contends that she had professional

---

[8]     Id.

[9]     Id. at 309-10 (quoting Louis v. E. Baton Rouge Parish Sch. Bd., 303 F. Supp. 2d 799, 801-04 (M.D. La. 2003)).  Although the mixed-motives analysis was initially applied when the plaintiff offered direct evidence, since Desert Palace v. Costa, 539 U.S. 90 (2003), it has also applied when the plaintiff has offered only circumstantial evidence.  Rachid, 376 F.3d at 312.

[10]    The requirement that the Executive Director have a master's degree or professional certification existed well before Lusk ever applied for the job.

certifications, she did not include this information on her application. It is noteworthy that, when the prior director resigned and had to be replaced, the board unanimously selected Lusk, who was then fifty-five, to serve until a replacement could be found; yet that same board passed up the easy opportunity to name Lusk as the permanent director. This supports Gulf Coast's assertion that it would not have hired Lusk, regardless of her age, because she lacks qualifications and because of her performance as Interim Director.

### III. CONCLUSION

As Gulf Coast has met its burden of demonstrating that it would not have hired Lusk even in the absence of any possible discriminatory motive, the district court's grant of Gulf Coast's motion for summary judgment is

AFFIRMED.